**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ALAN HUNTER**                                                                                    **PLAINTIFF**

**v.**                                      **Case No.  4:15-cv-739-KGB**

**JHOOK   INVESTMENTS,   INC.   d/b/a
JHOOK TOWING AND RECOVERY; JEFF
HOOKER, Individually and as Officer and
Director of JHOOK INVESTMENTS, INC.;
IVY HALL, INC.; WILLIAM E. HALL,
Individually and as Officer and Director of
IVY HALL, INC.**                                                                      **DEFENDANTS**

<u>ORDER</u>

Before the Court is defendants William E. Hall, Ivy Hall, Inc., and Ivy Edward Hall's

(collectively the "Hall Defendants") motion to dismiss original complaint (Dkt. Nos. 7, 8).

Plaintiff Alan Hunter filed a response (Dkt. No. 9).  The Court denies the motion.

**I.      Facts**

In his complaint, Mr. Hunter alleges that he was employed by the defendants as a tow

truck driver.  Mr. Hunter specifically alleges that he entered into an employment relationship

with separate defendants JHook Investments, Inc., and Jeff Hooker in May 2015.  He alleges that

he performed towing services for the Hall Defendants and that dispatchers employed by the Hall

Defendants called him to perform towing services on a regular basis.  Mr. Hunter alleges that, for

at least one week, he worked more than 40 hours per week and was not paid overtime for those

hours.  Mr. Hunter alleges violations of the overtime provisions of the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq*. ("FLSA"), and the overtime provisions of the Arkansas Minimum Wage

Act, Ark. Code Ann.§ 11-4-201 *et seq*. ("AMWA").

The Hall Defendants filed a motion to dismiss.  In their motion, the Hall Defendants

contend that, on or about April 1, 2015, William E. Hall of Ivy Hall, Inc., sold its towing business to Mr. Hooker of JHook Investments, Inc.   The Hall Defendants contend that Ivy Edward Hall is deceased, having died in 1992.   The Hall Defendants also contend, "[s]eparate Defendants Hall never entered into an employer-employee relationship with Plaintiff, they do not have 'dispatchers' nor did they ever dispatch Plaintiff on any tow calls.   Further, Separate Defendant Ivy Edward Hall passed away in 1992 and could not possibly have had any communication with Plaintiff."   (Dkt. No. 7, at 2).   The Hall Defendants request that this Court dismiss Mr. Hunter's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state facts upon which relief can be granted.

In his response, Mr. Hunter argues against dismissal and contends that, at this stage of the litigation, the court must construe all facts alleged in his complaint as true.   Mr. Hunter contends that the Hall Defendants presented facts outside of the pleadings in their motion to dismiss and that this Court may not rely on facts outside of the pleadings without converting the motion to dismiss into a motion for summary judgment.   Mr. Hunter contends that, if this Court does convert the motion, he must be provided with fair notice and an opportunity to resist summary judgment.   The Court agrees with Mr. Hunter's position in regard to the facts outside of the pleadings and the necessary procedure to be followed if this Court considers or relies upon those facts.   The Court concludes that consideration of facts outside of the pleadings is not necessary to resolve the pending motion to dismiss,.   For the reasons that follow, the Court denies the motion to dismiss pursuant to Rule 12(b)(6).

## II.    Legal Standard

In reviewing a motion to dismiss, the Court assumes as true all factual allegations of the complaint.   *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).   "However, the complaint must

contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *Id.* (citing *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002)). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (citing *Woods v. Dugan*, 660 F.2d 379, 380 (8th Cir. 1981) (per curiam)). "Most courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Id.* (citing Wright & Miller, Federal Practice and Procedure § 1366 (footnotes omitted)). A district court must exclude matters outside the pleadings when deciding a motion to dismiss; otherwise the motion is converted to a motion for summary judgment. *Id.* If the district court does consider such matters, it must provide the parties with notice and an opportunity to defend against summary judgment. The failure to do so requires reversal unless the failure constituted harmless error. *Id.*

### III.    Analysis

The FLSA requires that employers compensate covered employees for hours worked in excess of 40 hours per week at one and one half times the employees' regular pay rate. 29 U.S.C. § 207(a)(1). The employee bears the burden of proving that he worked overtime without compensation. *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872, 881 (8th Cir. 2011). However,

"[t]he remedial nature of this statute and the great public policy which it embodies . . . militate against making that burden an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*.

"[T]he test of employment under the FLSA is one of 'economic reality.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 804 (2016) (quoting *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961))). To allege sufficiently a FLSA overtime claim, a complaint should include facts describing the "economic reality" of the plaintiff's employment, such as the alleged employer's right to control the nature and quality of the work, the employer's right to hire or fire, or the source of compensation for the work. *Id*. A plaintiff who alleges employment with multiple defendants is not required, at the pleading stage, to determine conclusively which of the defendants the plaintiff's employer is, or to describe in detail the employer's corporate structure. The pleading standard under Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the control of defendants. *Id*. The pleading standard therefore requires only that the plaintiff allege facts sufficient to state a plausible claim. *Id*. A complaint that contains only the recitation of a legal conclusion that an employer-employee relationship exists is not sufficient to satisfy Rule 12(b)(6). *Id*.

In *Ash*, the Eighth Circuit Court of Appeals affirmed dismissal of a complaint where the plaintiff failed to include any facts—such as the name on plaintiff's business cards, the identity of plaintiff's supervisors, the source of plaintiff's work schedules, and the information plaintiff was given when plaintiff was hired—to support the legal conclusion that an employer-employee

4

relationship existed between plaintiff and any of the three defendant companies.  *Id.*

Mr. Hunter, however, alleges some facts in his complaint to support his allegation that an employer-employee relationship existed between him and the Hall Defendants.  The Court must accept those facts as true at this stage of the proceeding.  Mr. Hunter's complaint alleges that he entered into an employer-employee relationship with JHook and Mr. Hooker.  Mr. Hunter alleges that, after he entered into this employer-employee relationship, the Hall Defendants "regularly dispatched" him to perform towing services (Dkt. No. 1, ¶ 24).   He contends that those defendants controlled his work schedule to some degree by dispatching him to perform towing services.  Although Mr. Hunter's complaint focuses on the economic reality of his employment with JHook, Inc. and Mr. Hooker, the Court concludes that, if taken as true, Mr. Hunter's allegation that the Hall Defendants possessed the authority to assign him additional duties narrowly passes the test of stating a claim upon which relief can be granted.  Therefore, this Court declines to grant the Hall Defendants' motion to dismiss.

## IV.     Conclusion

This Court denies the Hall Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted (Dkt. Nos. 7, 8).

It is so ordered this 13th day of September, 2016.


_____
Kristine G. Baker
United States District Judge